IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT RUFFING and<br>KIMBERLY RUFFING, H/W<br>424 Barclay Street<br>Morrisville, PA  19067 | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.  02-4422 |
| V. | : <br> : <br> : <br> : | |
| KALMAR INDUSTRIES<br>U.S.A., INC.<br>1301 Cherokee Trace<br>White Oaks, TX 75693<br>            and | : <br> : <br> : <br> : <br> : <br> : | |
| KI-NJ, LLC<br>21 Engelhard Road<br>Monroe Township, New Jersey 08831 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| JOHN DOE, Inc. (2-50) | : <br> : | |
| JOHN DOE (1-50) | : | |

### AMENDED COMPLAINT IN CIVIL ACTION

Plaintiffs, Scott Ruffing and Kimberly Ruffing, h/w, by way of Complaint against the Defendants aver as follows:

1.      Jurisdiction is based upon diversity of citizenship and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.  28 U.S.C.A. Sect. 1332.

2.      Plaintiffs, Scott Ruffing and Kimberly Ruffing, H/W, are adult individuals who reside at 424 Barclay Street, Morrisville, Pennsylvania 19067.

3. Defendant, Kalmar Industries U.S.A., Inc. (herein after referred to as "Kalmar") is a corporation with its principal place of business at 1301 Cherokee Trace, White Oaks, Texas 75693 and at all times material hereto was in the business of designing, manufacturing, assembling, distributing, marketing, and placing into the stream of commerce forklifts.

4. Defendant, KI-NJ, LLC (hereinafter referred to as "KI-NJ"), formerly identified as John Doe, Inc., is a corporation with its principal place of business at 21 Engelhard Road, Monroe Township, New Jersey 08831, and at all times material hereto was in the business of designing, manufacturing, assembling, distributing, marketing and placing into the stream of commerce forklifts.

5. Defendant(s), John Doe, Inc. (2-50), is the fictitious name of Defendant(s), who after reasonable investigation, said Defendant's true name(s) is unknown, is a corporation(s) at all times material hereto in the business of designing, manufacturing, assembling, distributing, marketing and placing into the stream of commerce forklifts.

6. Defendant(s), John Doe (1-50), is the fictitious name of Defendants(s), who, after reasonable investigation, said Defendant's true name(s) is unknown, is an individual(s), partnership(s), or other entity(ies) at all times material hereto in the business of designing, manufacturing, assembling, distributing, marketing and placing into the stream of commerce forklifts.

7. At all times, material hereto, Defendants, Kalmar and/or KI-NJ, acted by and through its employees, agents, servants, workers and/or assigns.

8. At all times material hereto, Defendants, John Doe, Inc. (1-50) and/or John Doe (1-50) acted by and through employees, agents, servants, workers and/or assigns.

## COUNT 1 – NEGLIGENCE

9. On or about July 6, 2000, Plaintiff, Scott Ruffing, was employed by Novalog Bucks County, Inc., Morrisville, Pennsylvania. On said date, during the course of his employment, Plaintiff, Scott Ruffing, was operating a Kalmar forklift, model DCB25-1200LB, bearing serial number T33102,0023, in a foreseeable and intended manner, said forklift having been manufactured, designed, assembled, distributed, marketed and placed into the stream of commerce by Defendants, Kalmar and/or KI-NJ, and/or John Doe, Inc. (2-50) and/or John Doe (1-50), when the counterweight and back wheels broke off of said forklift, snapping the front of said forklift and cab containing the Plaintiff forward from which Plaintiff, Scott Ruffing, sustained severe, permanent and disabling injuries.

10. Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), owe a duty to foreseeable users, including Plaintiff, to exercise due care in designing, manufacturing, assembling, distributing, marketing and placing into the stream of commerce the forklift involved in this action.

11. Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), knew, or in the exercise of reasonable care should have known that the counterweight and rear wheels of the forklift would suddenly and without warning break off of the forklift, creating a dangerous and defective condition.

12. Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), breached the duties described above in that Defendants negligently and carelessly:

    a. Designed, manufactured, assembled, distributed, marketed and placed into the stream of commerce said forklift with a counterweight and rear wheels that suddenly and without warning broke off of said forklift;

    b. Failed to adequately warn and give adequate notice that the rear wheels and counterweight suddenly and without warning break off of the forklift;

    c. Failed to adequately warn of all hazards, risks and dangerous conditions of said forklift including the need for safety gear and/or seat belts;

    d. Failed to provide proper safeguards to prevent the rear wheels and counterweight from suddenly and without warning breaking off of the forklift;

    e. Failed to properly inspect and test the forklift for the aforementioned conditions;

    f. Failed to otherwise exercise due care with respect to designing, manufacturing, assembling, distributing, marketing and placing into the stream of commerce the forklift involved in this action.

13. Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), knew, or in the exercise of reasonable care should have known that the forklift was a dangerous instrumentality if not properly designed, manufactured, tested or inspected and that the forklift presented the probability of harm for any foreseeable user unless it was free from defects.

14.     As a direct and proximate result of the aforesaid negligent and careless acts or omissions of Defendants, Plaintiff, Scott Ruffing, sustained serious, severe, permanent and painful injuries to and about the head, neck, back, body, limbs and nervous system and suffered great pain and will continue to suffer great pain and was and will be compelled to spend large sums of money for medical care and treatment and was and will be prevented from attending to business, employment and duties all to his detriment.

WHEREFORE, Plaintiff, Scott Ruffing, demands judgment against Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), individually, jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with attorney's fees and cost of suit and such other and further relief as the Court may deem proper.

## COUNT II – BREACH OF WARRANTY

15.     Plaintiffs incorporate paragraphs 1 through 14 of Plaintiffs' complaint as though each count were set forth herein at length.

16.     Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), knew or should have known that said forklift would be used in the manner in which Plaintiff used the same up to and including the time of said accident.

17.     Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), expressedly and impliedly warranted that the forklift was merchantable, safely designed and suited and reasonably fit for the purpose for

which it was produced, designed, manufactured, distributed, marketed and foreseeably used.

18. Plaintiff, Scott Ruffing, as a foreseeable user relied on said warranties. Defendants breached those implied and expressed warranties in that the forklift was not merchantable, safely designed nor fit for the particular purpose for which it was produced, designed, manufactured, marketed, placed into the stream of commerce and foreseeably used and said forklift was in fact inherently dangerous.

19. As a direct and proximate result of the breach of the expressed and implied warranties by Defendants, Plaintiff, Scott Ruffing, incurred damages and injuries as were fully set forth above.

WHEREFORE, Plaintiff, Scott Ruffing, demands judgment against Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), individually, jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with attorney's fees and cost of suit and such other and further relief as the Court may deem proper.

## COUNT III – STRICT LIABILITY

20. Plaintiffs incorporate paragraphs 1 through 18 of Plaintiffs' complaint as though each count were set forth herein at length.

21. At the time of the incident described in this Complaint, the forklift was being used for the purpose for which it was intended and in a manner that was reasonably foreseeable by Defendants.

22. At the time of the incident described in this Complaint, the forklift was defective and unreasonably dangerous in that the forklift:

    a. Was defectively designed;

    b. Was defectively manufactured;

    c. Did not incorporate safety features and/or mechanisms necessary to make it safe for its intended and foreseeable use;

    d. Was otherwise defective and unreasonably dangerous.

23. The unreasonably dangerous conditions and defects described above existed at the time the forklift was designed, manufactured, assembled, distributed, marketed and put into the stream of commerce by Defendants and no substantial changes in said forklift took place from the time said forklift left Defendants' hands until the time of the accident at issue.

24. The acts described above rendered the forklift unreasonably dangerous and fraught with unexpected dangers to foreseeable users and rendered said forklift unsafe for its intended and foreseeable use for which Defendants are strictly liable under Section 402A of the Restatement of Torts (Second) for damages incurred by Plaintiff as a foreseeable user.

WHEREFORE, Plaintiff, Scott Ruffing, demands judgment against Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), individually, jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with attorney's fees and cost of suit and such other and further relief as the Court may deem proper.

**COUNT IV - LOSS OF CONSORTIUM**

25. Plaintiff, Kimberly Ruffing, incorporates paragraphs 1 through 24 as though fully set forth herein at length.

26. At all times relevant hereto, Plaintiff, Kimberly Ruffing, was the lawful spouse of Plaintiff, Scott Ruffing.

27. As a direct and proximate result of the negligence and carelessness of the Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), as aforesaid, Plaintiff, Kimberly Ruffing, as the wife of Plaintiff, Scott Ruffing, has been deprived of the support, care, services and attention of Plaintiff, Scott Ruffing and has suffered a loss of consortium.

WHEREFORE, Plaintiff, Kimberly Ruffing, demands judgment against Defendants, Kalmar and/or KI-NJ and/or John Doe, Inc. (2-50) and/or John Doe (1-50), individually, jointly, severely, and in the alternative in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with attorney's fees and cost of suit and such other and further relief as the Court may deem proper.

LAW OFFICES OF RICHARD A. STOLOFF


BY: _____
　　Richard A. Stoloff, Attorney for Plaintiffs