**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT RUFFING and KIMBERLY RUFFING, H/W** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 02-CV-4422** |
| | : | |
| | : | |
| **KALMAR INDUSTRIES, U.S.A., INC. and KI-NJ, LLC and JOHN DOE, INC. (2-50) and JOHN DOE (1-50)** | : | |

**ORDER**

**AND NOW**, this 14th day of May, 2003, upon consideration of the Joint Motion for a 90-Day Continuance of the Deadlines Set Forth in the December 23, 2002 Scheduling Order (Docket No. 14) and after a telephone conference with counsel, it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** as follows:

1.	All fact discovery shall be served, noticed and completed by **June 30, 2003.**

2.	Counsel for the parties are directed to contact Magistrate Judge M. Faith Angell's chambers on or before **June 15, 2003** to schedule a settlement conference.

3.	All motions for summary judgment and Daubert motions, if any, shall be filed no later than **July 7, 2003.**  Responses to any such motions shall be filed within the time permitted under Local Rule 7.1(c). Motions for summary judgment and responses shall be filed in the form prescribed in the Court's Notice to Counsel and Judge Savage's Scheduling and Motion Policies and Procedures.

(a)	The movant shall file, in support of the motion for summary judgment, a Statement of Undisputed Facts which sets forth, in numbered paragraphs, all material facts which the movant contends are undisputed.

(b)      The respondent shall file, in opposition to the motion for summary judgment, a separate Statement of Disputed Facts, responding to the numbered paragraphs set forth in the movant's Statement of Undisputed Facts, which the respondent contends present a genuine issue to be tried. The respondent also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c)      All material facts set forth in the Statement of Undisputed Facts required to be  served by the movant shall be taken by the Court as admitted unless controverted by the opposing party.

(d)      Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each of the statements. Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the title, page and line of the document supporting the statement.

4.      On or before **July 11, 2003**, counsel for each party shall serve upon counsel for every other party:

(a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions.  Each party shall mark its trial exhibits <u>in advance of trial</u> with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice;

(b) curriculum vitae for each expert witness expected to testify; and

(c) a specific identification of each discovery item expected to be offered into evidence.

5.      All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

Plaintiffs - on or before **July 11, 2003**

Defendants - on or before **July 18, 2003**

In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include in or attach to their pretrial memoranda the following:

(a)  A listing of the identity of each expert witness to be called at trial by the party;

(b)  a curriculum vitae for each expert witness listed;

(c)  a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

(d)  an itemized statement of claimant's damages or other relief sought;

(e)  a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

The pretrial memoranda shall be filed with the Clerk of the Court and two (2) copies shall be delivered to the Court.

6.      A final pretrial conference will be held on **July 23, 2003** at **10:00 a.m.** in Chambers (Room 4006).

7.      This case will be placed in the trial pool commencing **August 1, 2003**.  Trial will be held in Courtroom 15B.

This Scheduling Order is the <u>only</u> written notice counsel will receive of the date this case will be tried.  Counsel and all parties shall be prepared to commence trial on that date and as soon thereafter as counsel receive telephone notice that trial is to commence.  If the case is a pool case, counsel should have the responsibility to maintain contact with the deputy clerk once the case goes into the pool.  Every effort will be made to give counsel at least 24 hours notice and hopefully 48 hours notice of commencement of trial.  Pool cases are to be ready for trial as of the date they are placed in the pool and are frequently not called in the order in which they appear.

8.    In all other respects, the requirements set forth in the Order of December 23, 2002 shall remain in full force and effect.

_____

TIMOTHY J. SAVAGE, J.