UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Scott Ruffing and Kimberly Ruffing, | ) | Civil Action No. 02-CV-4422 |
| Plaintiffs, | ) | |
| vs. | ) | |
| Kalmar Industries, USA; Inc. and KI-NJ, LLC et al. | ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this _____ day of _____ 2003, upon consideration of Defendant TES, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and any response thereto, it is hereby ORDERED and DECREED that Plaintiffs' Second Amended Complaint against Defendant TES, Inc. is dismissed with prejudice.

BY THE COURT:

_____ J.

93259.1        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
THE CURTIS CENTER • SUITE 1130 EAST • INDEPENDENCE SQUARE WEST • PHILADELPHIA, PA 19106
PHONE: (215) 627-6900 • FAX: (215) 627-2665

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott Ruffing and Kimberly Ruffing, | **Civil Action No. 02-CV-4422** |
| Plaintiffs, | |
| vs. | |
| Kalmar Industries, USA; Inc. and KI-NJ, LLC et al. | |
| Defendants. | |

### DEFENDANT TRANSPORTATION EQUIPMENT SERVICES, INC.'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Defendant Transportation Equipment Services, Inc. ("TES"), by and through its undersigned counsel, hereby moves to dismiss plaintiffs' amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and avers as follows:

1. This litigation was initiated on July 3, 2002 against Kalmar Industries U.S.A., Inc. and fictitious parties identified as "John Does." An amended complaint was filed on August 23, 2002 against KI-NJ, LLC. On March 10, 2003, plaintiffs filed a motion for leave to amend the complaint to name TES as a defendant. The motion was unopposed and an order was entered on March 24, 2003 allowing the amendment. The amended complaint was subsequently filed, and a copy served on to TES.

2. Plaintiffs' Second Amended Complaint alleges that on **July 7, 2000**, plaintiff Scott Ruffing while employed by Novolog Bucks County, Inc. in Morrisville, Pennsylvania, was operating a Kalmar forklift when the counterweight and back wheels broke off of the forklift, snapping the front of the forklift and cab forward. A true and correct copy of the Second Amended Complaint is attached as

93491.1   WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
THE CURTIS CENTER • SUITE 1130 EAST • INDEPENDENCE SQUARE WEST • PHILADELPHIA, PA 19106
PHONE: (215) 627-6900 • FAX: (215) 627-2665

Exhibit "A." Since plaintiff's accident allegedly occurred on July 7, 2000, the statute of limitations expired on **July 7, 2002**.

3. The second amended complaint, which purports to change the name of a party from "John Doe" to TES, was not filed until **March 24, 2003**, well past the expiration date for the statute of limitations. Therefore, the claim is untimely as to TES unless it relates back to the original complaint. Pursuant to F.R.C.P. 15(c), an amendment of a pleading relates back to the original complaint when:

    (1)    relation back is permitted by the law that provides the statute of limitations applicable to the action, or

    (2)    the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

    (3)    the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

        (A)    has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

        (B)    knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

4. Rule 15(c)(3)(A) provides that a newly named defendant must have received notice of the institution of the action within 120 days of the running of the statute of limitations, the period allowed for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. Lockwood v. City of Philadelphia, 205 F.R.D. 448 (E.D. Pa. 2002); Colbert v. City of Philadelphia, 931 F.Supp. 389 (E.D.Pa. 1996). The notice required is that the lawsuit has been brought, not that the event giving rise to the cause of action occurred. Lockwood, 205 F.R.D. at 451.

-2-

93491.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
THE CURTIS CENTER • SUITE 1130 EAST • INDEPENDENCE SQUARE WEST • PHILADELPHIA, PA 19106
PHONE: (215) 627-6900 • FAX: (215) 627-2665

5. TES did not receive notice of the institution of this action within four months after the original complaint was filed, the period allowed for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. Since TES was not notified until after that time had expired, plaintiffs have failed to comply with F.R.C.P. 15(c)(3). Accordingly, plaintiffs' second amended complaint against defendant TES, Inc. should be dismissed for failure to state a claim pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP

By:_____
Jonathan Dryer, Esquire
Michael S. Takacs, Esquire
Attorney I.D. Nos. 34496/78409
The Curtis Center, Suite 1130E
Philadelphia, PA 19106
Attorneys for Defendant
TES, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott Ruffing and Kimberly Ruffing, | Civil Action No. 02-CV-4422 |
| Plaintiffs, | |
| vs. | |
| Kalmar Industries, USA; Inc. and KI-NJ, LLC et al. | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Defendant Transportation Equipment Services, Inc. ("TES"), by and through its undersigned counsel, submits this brief in support of its motion to dismiss plaintiffs' amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### BACKGROUND

This litigation was initiated on July 3, 2002 against Kalmar Industries U.S.A., Inc. and fictitious parties identified as "John Does." An amended complaint was filed on August 23, 2002 against KI-NJ, LLC. On March 10, 2003, plaintiffs filed a motion for leave to amend the complaint to name TES as a defendant. The motion was unopposed by the parties of record (TES was neither served with a copy of the motion nor otherwise advised of its pendency) and an order was entered on March 24, 2003 allowing the amendment. The Second Amended Complaint was subsequently filed and served on TES.

The Second Amended Complaint alleges that on July 7, 2000, plaintiff Scott Ruffing was employed by Novolog Bucks County, Inc. in Morrisville, Pennsylvania, and operating a Kalmar forklift

93247.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
THE CURTIS CENTER • SUITE 1130 EAST • INDEPENDENCE SQUARE WEST • PHILADELPHIA, PA 19106
PHONE: (215) 627-6900 • FAX: (215) 627-2665

when the counterweight and back wheels broke off of the forklift, snapping the front of the lift and the cab forward. A true and correct copy of the Second Amended Complaint is attached as Exhibit "A."

Since plaintiff's accident allegedly occurred on July 7, 2000, the statute of limitations expired on July 7, 2002. The second amended complaint, which first specifically named TES as a defendant, was not filed until March 24, 2003, well past the expiration date for the statute of limitations. Although plaintiffs' original complaint, which was filed within the statute of limitations, named various "John Doe" fictitious parties, plaintiffs did not timely or properly amend the complaint to substitute TES for the John Doe defendants so as to enable the amendment to relate back to the filing of the original complaint. Accordingly, TES should be dismissed from this action.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action for failure to state a claim upon which relief can be granted. A complaint may be dismissed on motion for failure to state a claim when the complaint facially shows noncompliance with the applicable statute of limitations period, Johnstone v. U.S., 980 F. Supp. 148 (E.D. Pa. 1997).

Even assuming the propriety of the designation of "John Doe" defendants,[1] in order to change the name of a party from "John Doe" to TES after the expiration of the statute of limitations, plaintiffs must satisfy Federal Rule of Civil Procedure 15(c), which provides that an amendment of a pleading relates back to the original complaint when:

---

[1] Pennsylvania law does not recognize the practice of naming fictitious individuals as parties to a lawsuit. See Grandelli v. Methodist Hospital, 777 A.2d 1138 (Pa. Super. 2001); Fischer v. Kassab, 306 A.2d 809 (Pa. Cmwlth. 1976); Moletta v. Richards, 9 D.&C.3d 470 (Allegheny CCP 1978).

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) **the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment**

   (A) **has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and**

   (B) **knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.**

Rule 15(c) requires that a newly named defendant must have received notice of the institution of the action within 120 days of the running of the statute of limitations, the period allowed for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. <u>Lockwood v. City of Philadelphia</u>, 205 F.R.D. 448 (E.D. Pa. 2002). Significantly, the notice required is that the lawsuit has been brought, not that the event giving rise to the cause of action occurred. <u>Id</u>. at 451. Therefore, since the statute of limitations expired on July 7, 2002, plaintiffs had 120 days from that date in which to notify TES of the lawsuit. This was not done.

In <u>Colbert v. City of Philadelphia</u>, 931 F. Supp. 389 (E.D. Pa. 1996), plaintiff sued the City of Philadelphia, the Philadelphia Police Commissioner and three police officers alleging civil rights violations under 42 U.S.C. §1983 as well as various state law torts. The complaint initially named as defendants only the Philadelphia Police Commissioner and three unnamed police officers denominated as John Doe police officer, Jane Doe police officer no. 1 and Jane Doe police officer no. 2. In April

-3-

1996, ten months after the action had been started, plaintiffs filed an amended complaint which named the City of Philadelphia as a defendant and substituted as defendants police officers Marvin King, Janice Little and Karen Lee for the previously unidentified John and Jane Does. The case was removed to federal court and the defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Id. at 391.

The basis for the motion to dismiss by the police officers was that the §1983 claims were subject to a two-year statute of limitations. The incident giving rise to the lawsuit allegedly occurred on June 3, 1993 and the police officers were not joined by name until April 3, 1996, well beyond the two-year statute of limitations. In determining whether the claims "related back" to the original complaint in accordance with the provisions of Rule 15(c) of the Federal Rules of Civil Procedure, the court stated:

> Where, as here, the amendment to the complaint changes the name of the party, both Rule 15(c)(2) and (c)(3) must be satisfied. Plaintiffs' complaint was amended in two ways as to the individual defendants. First, identified police officers replaced the anonymous John Doe and Jane Doe defendants. Second, the amended complaint added allegations that these defendants violated the plaintiffs' federal constitutional rights. The amended complaint clearly meets the requirement of Rule 15(c)(2). The new federal claims against the individual officers alleging excessive force 'arose out of the conduct, transaction, or occurrence set forth ... in the original pleading,' namely, the incident in which Mr. Colbert was arrested.
>
> However, plaintiffs must also satisfy Rule 15(c)(3). In this regard they fail. Under Rule 15(c)(3), the party to be brought in by amendment must have received notice of the institution of the action within the period given for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. A party has four months under Rule 4(m) in which to serve a complaint after it is filed. Since the events giving rise to this lawsuit occurred on June 3, 1993, the statute of limitations expired on June 3, 1995. Under Rule 15(c), plaintiffs had four additional months in which to satisfy the requirement of notice. Plaintiffs therefore had until October 3, 1995 in which to notify the officers of the lawsuit pending against them.

Id. at 392.

Since plaintiffs have the burden of proof on this issue and the court found that they presented no evidence that the individual defendants had any notice of the institution of the suit prior to April 4, 1996 when the amended complaint was served, the court held that the amendment as to the individual defendants did not relate back to the original complaint. Id.

In Frasier v. City of Philadelphia, 927 F. Supp. 881 (E.D. Pa. 1996), the court addressed the issue of the effect of naming a John Doe defendant on the statute of limitations. Anthony Frasier was shot by police on October 20, 1992 and died a few days later. On October 18, 1994, plaintiff filed a praecipe for writ of summons in the Philadelphia Court of Common Pleas and named as defendants the City, the police department, Officer John Doe No. 1 and Officer John Doe No. 2. Plaintiff filed a complaint in the Court of Common Pleas on February 22, 1995 and the City and police department removed the case to the Eastern District on March 9, 1995. Thereafter, the parties agreed to stipulate to the amendment of the complaint to name the two officers referred to as John Does Nos. 1 and 2. Service of the summons and complaint was made on the officers on October 6, 1995.

After reviewing the scant Pennsylvania case law, the court concluded that the John Doe designations in plaintiff's praecipe for a writ of summons did not effectively commence an action against the detectives and therefore all claims against them were time barred. Id. at 883. However, the court's inquiry did not end there. The court applied Federal Rule of Civil Procedure 15(c) to the facts of the case and determined that relation back was not proper because there was no way that the officers could have known within the relevant time period that being brought into the suit was a distinct possibility since the summons failed to name the police officers, give any of the underlying facts or even give the date of shooting. Accordingly, the court granted defendant's motion to dismiss. See, also, Lockwood, supra.

-5-

93247.1    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
THE CURTIS CENTER • SUITE 1130 EAST • INDEPENDENCE SQUARE WEST • PHILADELPHIA, PA 19106
PHONE: (215) 627-6900 • FAX: (215) 627-2665

In this case, TES did not receive notice of the institution of this action within four months after the original complaint was filed, the period allowed for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. Since the statute of limitations expired on July 7, 2002, plaintiffs had four additional months from that date in which to satisfy the requirements of Rule 15(c), notify TES of the lawsuit. Since TES was not notified until after that time had expired, plaintiffs have failed to comply with F.R.C.P. 15(c)(3), the Second Amended Complaint against defendant TES, Inc. does not relate back to the original complaint and the action should be dismissed for failure to state a claim pursuant to F.R.C.P. 12(b)(6).

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ
        EDELMAN & DICKER LLP


By:_____
        Jonathan Dryer, Esquire
        Michael S. Takacs, Esquire
        Attorney I.D. Nos. 34496/78409
        The Curtis Center, Suite 1130E
        Philadelphia, PA 19106
        Attorneys for Defendant
        TES, Inc.

## CERTIFICATE OF SERVICE

Michael S. Takacs, Esquire, attorney for Defendant TES, Inc., certifies that on May ___, 2003, he sent by United States mail, first class, postage prepaid, a true and correct copy of Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) to:

> Richard A. Stoloff, Esquire
> 605 New Road
> Linwood, NJ 08221
>
> Jason Banonis, Esquire
> Marshall, Dennehey, Warner, Coleman & Goggin
> 10 N. Main Street, 2nd Floor
> Doylestown, PA 18901-4318

_____
Michael S. Takacs, Esquire

93261.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
THE CURTIS CENTER • SUITE 1130 EAST • INDEPENDENCE SQUARE WEST • PHILADELPHIA, PA 19106
PHONE: (215) 627-6900 • FAX: (215) 627-2665